## The WILLIAM H. TRUSEDALE.

District Court W. D. New York. December 12, 1927.

1. Collision ⬦136—Rule of damages for ship's delay in making repairs is amount ship would have earned.

In libel proceeding for collision rule of damages for ship's demurrage, due to delay in making repairs, is amount which it would have earned during period of making repairs.

2. Collision ⬦136—Vessel at fault in collision held not liable for damages for other vessel's delay for repairs, where repairs need not have been made until close of navigation.

Where repairs by way of dented plates above water line of lake steamer, made necessary by collision, did not need to be made until close of navigation, damages recoverable from vessel at fault in the collision were limited to cost of repairs, together with ship chandlery expenses, without recovery for delay, where immediate repairs were made necessary by other causes.

In Admiralty. Libel by the Seneca Washed Gravel Corporation against the steamer William H. Trusedale; the Brown Steamship Company, claimant. The report of the master allowed damages claimed to be insufficient, and libelant brings exceptions. Exceptions overruled.

Thomas C. Burke, of Buffalo, N. Y. (Charles S. Desmond, of Buffalo, N. Y., of counsel), for libelant.

Brown, Ely & Richards, of Buffalo, N. Y., for respondent.

HAZEL, District Judge. [1, 2] I have examined the decision in the Norman Bridge Case (D. C.) 21 F.(2d) 791, but think there are distinguishing features. There the repairs of necessity would have been made, at the expense of respondent which inflicted the collision damages, in the near future, it being a sea-going vessel. Here there was no immediate necessity for making the repairs, which consisted of dented plates above the water line, and, in all probability, the Viking being a lake steamer, they would not have been made until the close of navigation when she could not have sustained any loss of profit. The Thomas Kiley, 3 Ben. 228, Fed. Cas. No. 13,924. She could not have sustained actual loss (The Winfield S. Cahill [C. C. A.] 258 F. 318, 321), and the rule of demurrage for delay in making repairs is what she would have earned. The North Star (C. C. A.) 151 F. 168. The inference is fairly deducible that the Viking would have continued sailing throughout the season of navigation without repairing the damage resulting from the Trusedale collision until the close of navigation; her immediate repairs being due to a cause not attributable to the Trusedale. Therefore I am of opinion that she should not be held liable for the 3¼ days' delay. The Trusedale must, however, pay the cost of the repairs for the damages attributable to her, amounting to $2,248.97, together with the ship chandlery expenses, with interest.

Exceptions overruled.